ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 18 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:23-CR-193-P |
| MARGRETTA JABBEH (02) | |

**PLEA AGREEMENT WITH WAIVER OF APPEAL AND FORFEITURE**

Margretta Jabbeh ("Defendant"); Suzy Vanegas, Defendant's attorney; and the United States of America ("Government"), agree as follows:

1. **Rights of Defendant**: Defendant understands that she has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have Defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in Defendant's defense; and

    e. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty**: Defendant waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 1349, that is conspiracy to commit wire fraud (18 U.S.C. § 1343). Defendant understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 20 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release not to exceed three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not only the offense of conviction;

   f. forfeiture; and

   g. costs of incarceration and supervision.

4. **Court's Sentencing Discretion and Role of the Guidelines**: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with Defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court, and Defendant will not be allowed to withdraw Defendant's plea if Defendant's sentence is higher than expected.

5. **Mandatory special assessment**: Defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Restitution**: Pursuant to 18 U.S.C. §§ 3663(a) and 3663A, Defendant agrees to pay restitution for losses resulting from all of Defendant's criminal conduct, including relevant conduct and other criminal conduct related or similar to Defendant's offense of conviction, and understands that restitution will not be limited to losses stemming from the offense of conviction alone. Defendant agrees to be jointly and severally liable for payment of all restitution. The defendant agrees to cooperate fully in the identification of assets to be applied toward restitution. The defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within the defendant's possession or control requested by the government regarding the defendant's financial condition; and (D) fully and truthfully answering all questions regarding the defendant's past and present financial condition in such interview(s).

7. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the information, or seized or restrained in the investigation underlying the information, specifically the forfeiture of:

   a. The full liquidated value of JPMorgan Chase Bank account ending in 3035 in the name of Margretta Jabbeh, restricted pursuant to warrant on or about May 17, 2023, in the amount of $15,567.75.

   b. The full liquidated value of JPMorgan Chase Bank account ending in 0615 in the name of Margretta Jabbeh, restricted pursuant to warrant on or about May 23, 2023, in the amount of $80,750.52.

   c. The full liquidated value of JPMorgan Chase Bank account ending in 8980 in the name of Margretta Jabbeh, restricted pursuant to warrant on or about May 23, 2023, in the amount of $224,001.41.

The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and/or 28 U.S.C. § 2461(c). The defendant also agrees that as a result of his acts or omissions, the proceeds of her wire fraud conspiracy and scheme to defraud and that the he obtained from such conspiracy and scheme, besides the above properties, are not available for forfeiture and 1) cannot be located upon the exercise of due diligence; 2) have been transferred or sold to, or deposited with, a third party; 3) have been placed beyond the jurisdiction of the court; and/or 4) have been commingled with other property which cannot be divided without difficulty. The defendant agrees to forfeit any non-traceable portion of the funds seized from the above accounts as a substitute asset. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the

government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration and citizenship status if the defendant is not a citizen of the United States or if the defendant is a naturalized United States citizen. Under federal law, a broad range of crimes are removable offenses, and a variety of circumstances can subject a naturalized citizen to denaturalization. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense and that the offense is grounds for denaturalization. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

9. **Defendant's cooperation with financial investigation**: In order to assist in the collection of fines and restitution, Defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding Defendant's capacity to satisfy any fines or restitution.

Defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court. Defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately enforceable financial obligation. Defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

10.  **Government's Agreement**: The Government will not bring any additional charges against Defendant based upon the conduct underlying and related to the Defendant's plea of guilty.

11.  **Violation of Agreement**: Defendant understands that if Defendant violates any provision of this agreement, or if Defendant's guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant also waives objection to the use against Defendant of any information or statements Defendant has provided to the Government, and any resulting leads.

12. **Voluntary Plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13. **Waiver of right to appeal or otherwise challenge sentence**: Defendant waives Defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. Defendant further waives Defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of Defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

14. **Representation of Counsel**: Defendant has thoroughly reviewed all legal and factual aspects of this case with Defendant's attorney and is fully satisfied with that attorney's legal representation. Defendant has received from Defendant's attorney explanations satisfactory to Defendant concerning each paragraph of this plea agreement, each of Defendant's rights affected by this agreement, and the alternatives available to Defendant other than entering into this agreement. Because Defendant concedes that Defendant is guilty, and after conferring with Defendant's attorney, Defendant has concluded that it is in Defendant's best interest to enter into this plea agreement and all

its terms, rather than to proceed to trial in this case.

15. **Limitation of Agreement**: This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

16. **Entirety of Agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 5th day of July, 2023.

_____
MARGRETTA JABBEH
Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
NANCY E. LARSON
Assistant United States Attorney
DC State Bar No. 43078
801 Cherry Street, Suite 1700
Fort Worth, Texas, 76102
Telephone: 817-252-5200
Email: Nancy.Larson@usdoj.gov

_____
SUZY VANEGAS
Attorney for Defendant

_____
ALEX LEWIS
Section Chief

I have read (or had read to me) this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____
MARGRETTA JABBEH
Defendant

7/5/23
Date

    I am the Defendant's attorney. I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_/s/ Vanegas_                     7/5/23
SUZY VANEGAS             Date
Attorney for Defendant